■ ELLIE FELDMAN et al., Plaintiffs, v. CHOCK FULL O'NUTS CORP. et al., Defendants. CHOCK FULL O'NUTS CORP., Third-Party Plaintiff-Respondent, et al., Third-Party Plaintiff, et al., Third-Party Defendant; and MARBLECRAFT CORP., Third-Party Defendant-Appellant.— In a negligence action to recover damages for personal injury, sustained by the plaintiff wife when she was struck by a marble slab which fell from a building owned by the defendant Chock Full O'Nuts Corp., and by her husband for loss of services and medical expenses, in which said defendant, as third-party plaintiff, commenced a third-party action for recovery over against the Marblecraft Corp. and others, the said Marblecraft appeals, as limited by its brief, from so much of a judgment of the Supreme Court, Kings County, entered December 16, 1964 after trial of the third-party action, upon a jury's verdict, as awarded to the third-party plaintiff the amount of a settlement it had theretofore voluntarily paid to the plaintiffs in the main action. Judgment, insofar as appealed from, reversed on the law, with costs, and third-party complaint dismissed, with costs. The findings of fact implicit in the jury's verdict are affirmed. There is no proof that the third-

party plaintiff was not guilty of active negligence either alone or concurrently with the third-party defendant (see *Employers Mut. Liab. Ins. Co.* v. *Di Cesare & Monaco Concrete Constr. Corp.,* 9 A D 2d 379, 382). Nor is there any proof that the cause of the falling of the slab was not due to some natural or mechanical cause intervening between the time of the completion of the work by the third-party defendant in October, 1960 and the time of the accident on March 30, 1961. In the absence of such proof, there can be no recovery over. Beldock, P. J., Ughetta, Hill, Rabin and Benjamin, JJ., concur.